IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN SMITH, | ) | CASE NO. 1:23-CV-02449 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| MARK VANDEVENDER, et al., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

### Introduction

Plaintiff Adrian Smith has filed a *pro se* and *in forma pauperis* civil rights complaint in this case against Mark Vandevender and the Lorain County Crime/Drug Lab under 42 U.S.C. § 1983. R. 1. He filed the complaint while a federal pretrial detainee awaiting trial in a pending criminal case. *See USA v. Miller, et al.,* Case No. 2022-cr-00498-BMB-6 (N.D. Ohio). In his complaint, he alleges that Defendant Vandevender is the Assistant Director of the Lorain County Crime/Drug Lab responsible for "the disposition of" forensic evidence in his pending criminal case. R. 1, PageID# 4, ¶ 6. He asserts that Mr. Vandevender's credibility "has been completely compromised" as a result of his being indicted in Lorain County in a criminal case on charges of forgery, falsifying, and tampering with records. *Id.* at ¶ 7.

Plaintiff asks this Court for injunctive relief, prohibiting Defendants from using their "compromised records" in his criminal case, and for $5 million in damages. *Id.* at 5-6, ¶¶ 11, 13.

1

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal courts are expressly required to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Id*. at 555.

Further, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte").

Upon review, the Court finds that Plaintiff's complaint must be dismissed.

First, as an initial matter, the Court finds that Plaintiff's complaint fails to state a plausible claim upon which he may be granted relief under section 1983. To state a claim, a plaintiff must allege facts showing that the conduct about which he complains was committed by a person acting under color of state law and deprived him of a federal constitutional or statutory right. *Webb v. U.S.*, 789 F.3d 647, 659 (6th Cir. 2015). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371–

72 (1976). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of his claims. *Id.* at 375–76.

Here, Plaintiff has not alleged facts indicating that Defendants were personally involved in conduct that violated *his* constitutional rights. He has not alleged that evidence, much less compromised evidence, provided by Defendants has actually been used in his criminal case, or that he suffered any injury as a result.

Second, even if the Court were to find that Plaintiff's allegations were sufficient to state a claim, the Court would nevertheless abstain from exercising jurisdiction in the case. "Just as this Court would abstain from interfering in a pending state court criminal matter when a state pretrial detainee raises claims that challenge the state court proceedings, considerations of federalism, judicial economy, and efficient case administration dictate that a similar rule of restraint apply where a federal pretrial detainee raises claims which challenge ongoing federal criminal proceedings pending before another District Court Judge." *McChester v. Davis*, No. 2:21 cv 11764, 2021 WL 4315808, at *2 (E.D. Mich. Sept. 22, 2021); *Caldwell v. O'Malley*, No. 1:08 cv 0495, 2008 WL 696608, at *2 (N.D. Ohio Mar. 13, 2008). This is not the appropriate forum to raise such issues, and this Court will not interfere with a pending federal criminal case proceeding before another judge.

**Conclusion**

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* (R. 2) is granted, and his complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

December 17, 2024                                        /s/ *David A. Ruiz*
                                                              DAVID A. RUIZ
                                                              UNITED STATES DISTRICT JUDGE